# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| JEFFREY MERKOVICH, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>　　　　　Defendant. | Case No.: 17-cv-58<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.　This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.　The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.　Plaintiff Jeffrey Merkovich is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.　Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes, namely a credit card debt.

5.　Defendant United Collection Bureau, Inc. ("UCB") is a debt collection agency with its principal offices at 5620 Southwyck Blvd., Toledo, OH 43614.

6.　UCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. UCB is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. UCB is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about September 20, 2016, UCB mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Citibank, N.A.". A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A is an alleged credit card account used for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by UCB to attempt to collect alleged debts.

12. Exhibit A contains the following text:

> On behalf of CITIBANK, N.A., United Collection Bureau, Inc. will accept a settlement in the amount of $669.78 for the above referenced account. This settlement offer will save you the sum of $1,906.28. To take advantage of this offer please ensure the total payment is received in our office by September 30, 2016. We are not obligated to renew this offer and this agreement is contingent upon clearance of funds.

Exhibit A.

13. The letter purports to offer a settlement of about 26% of the total alleged debt.

14. Exhibit A also contains the following statement:

> If you wish to accept this offer, please contact our office to establish a payment method and date, or mail a copy of this letter together with your payment to the remit address below. Please make your check or money order payable to Citibank. When calling our office, please refer to settlement offer number ▓▓▓▓ and your reference number ▓▓▓▓

15. The unsophisticated consumer would be confused by the language in Exhibit A.

2

16. The language in paragraph 12 requires that the settlement amount "total payment" of $669.78 must be received by the deadline of September 30, 2016.

17. However, if the unsophisticated consumer broke the payments up into two or more portions, and consequently mailed in a cumulative "total payment" only a few cents higher than $669.78, it is unclear whether the money would be applied to the settlement amount of $669.78 or the total amount of $2576.06.

18. It is unclear how "total payment" in excess of the settlement payment amount would be treated.

19. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

21. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

22. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

23. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

24. The language in <u>Exhibit A</u>, "please ensure the total payment is received in our office by September 30, 2016," is confusing to the unsophisticated consumer in that it makes unclear how a payment in an amount greater than one of the "total payment" would be applied to a consumer's account.

25. UCB violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

3

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) between January 16, 2016 and January 16, 2017, inclusive, (e) that was not returned by the postal service.

27. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

28. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e.

29. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

31. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

32. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 16, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com